**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-7772**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHARLES PYNE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:04-cr-00018-DKC-3; 8:16-cv-00788-DKC)

_____

Submitted: April 11, 2017                           Decided: April 24, 2017

_____

Before GREGORY, Chief Judge, and SHEDD and THACKER, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Charles Pyne, Appellant Pro Se. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Pyne has noted an appeal from the district court's order denying his motions to recuse and unseal transcripts and denying his Fed. R. Civ. P. 59(e) motion to alter or amend its prior order denying in part relief under Fed. R. Civ. P. 60(d)(3) and dismissing in part as successive his 28 U.S.C. § 2255 (2012) claims.

The denial of the motion to alter or amend-insofar as it pertains to the dismissal as successive of Pyne's § 2255 claims-is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Pyne has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

With respect to the district court's denial of the motions to recuse and unseal and its denial of the motion to alter or amend-insofar as it pertains to the denial of Rule 60(d)(3) relief-we have reviewed the record and find no reversible error. The motion to

2

alter or amend was properly denied because it did not rely on an intervening change in controlling law or new evidence and sought to relitigate matters previously adjudicated. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). The motion to recuse also was properly denied. The motion did not set forth a basis in fact for doubting the district court's impartiality and did not point to anything in the court's prior ruling revealing favoritism or antagonism that would make fair judgment impossible. *See* 28 U.S.C. § 455(a)-(b)(1) (2012); *Liteky v. United States*, 510 U.S. 540, 554-55 (1994); *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). Finally, we discern no reversible error in the denial of the motion to unseal transcripts. There is no indication from the record that unsealing transcripts was necessary for the adjudication of the Rule 59(e) motion as Pyne claimed. Accordingly, we affirm the district court's denial order in part. *United States v. Pyne*, No. 8:04-cr-00018-DKC-3 (D. Md. Nov. 15, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*

3